■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS FRANCIS PLUNKETT, Appellant.— Two orders of the Supreme Court, Queens County, both dated March 14, 1968, affirmed. No opinion. Order of the same court dated December 7, 1967 affirmed insofar as, on reargument, it adhered to the determination made by order dated December 5, 1967. No opinion. Appeal from so much of said order of December 7, 1967 as granted reargument dismissed. Appellant was not aggrieved from that part of the order. Appeal from order of said court dated December 5, 1967 dismissed as academic. The order was superseded by the order of December 7, 1967. Beldock, P. J., Christ, Martuscello, Brennan and Benjamin, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT REATZ, Appellant.— Appeal by defendant from two orders (both made without hearings) of the Supreme Court, Kings County, with respect to his conviction in the former County Court, Kings County, on January 19, 1962. One of the orders, dated June 25, 1968, denied a *coram nobis* application by him; and the other, dated October 3, 1968, denied his motion for resentencing as a second felony offender instead of as a third felony offender. Order dated June 25, 1968 affirmed; and appeal from order dated October 3, 1968 dismissed. In our opinion, in the proceeding which resulted in the order dated June 25, 1968 there was no meritorious showing that appellant had been deprived of counsel as alleged. In the appeal from the order dated October 3, 1968, it appears that appellant makes the assertion that his 1944 conviction was unconstitutional in that he was not afforded an appellate review because of indigency. He contends that that conviction should not have been used as a predicate in treating him as a multiple felony offender. However, his assertion that he was not afforded an appellate review of the 1944 judgment of conviction is not correct. This court passed on an appeal therefrom and affirmed the judgment (*People* v. *Reatz,* 21 A D 2d 805). Accordingly, the appeal from the order dated October 3, 1968 should be dismissed as moot. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.